UNITED STATES of America

v.

BCCI HOLDINGS (LUXEMBOURG), S.A., Bank of Credit and Commerce International, S.A., Bank of Credit and Commerce International (Overseas) Limited, and International Credit and Investment Company (Overseas) Limited, Defendants.

Crim. A. No. 91–0655 (JHG).

United States District Court,
D. Columbia.

March 25, 1997.

Stefan D. Cassella, Deputy Director, Rutherford, NJ, for Government.

Breckinridge L. Willcox, Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC, for Banque Indosuez.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

Presently pending are the United States' Motion to Dismiss ("Motion to Dismiss") the Claim and Petition for Remission of $263,-250.00 by Banque Indosuez as a Third Party Claimant Pursuant to 18 U.S.C. § 1963(*l*) ("L–Claim") and Banque Indosuez's Motion for Summary Judgment. For the reasons expressed below, the motion to dismiss will

be denied and the motion for summary judgment will be denied without prejudice.

### Background

Banque Indosuez seeks remission of $263,-250 that was forfeited pursuant to 18 U.S.C. § 1963 when the United States seized the defendants' assets under the authority of the Third Order of Forfeiture entered by this Court on August 19, 1993. Included among the accounts seized at First American Bank of New York ("FABNY" or "First American") was Account No. 23012 of Banque de Commerce et de Placements, S.A. ("BCP"),[1] which included the $263,250 at issue in the instant L–Claim presented by Banque Indosuez. This Court previously denied the United States' motion to dismiss this L–Claim on the grounds of timeliness. *See United States v. BCCI Holdings,* 916 F.Supp. 1276 (D.D.C. 1996). Thereafter, the United States moved to dismiss the L–Claim for lack of standing and failure to state a claim, and the petitioner moved for summary judgment.

In its petition, Banque Indosuez alleges the following material facts. On July 12, 1991, seven days after BCCI's assets were frozen, Banque Indosuez transferred $263,-500 from a depositor's account at Banque Indosuez to the depositor's account at BCP, also located in Geneva, Switzerland. *See* L–Claim ¶ 5 (citing Exhibit H, instructions of July 11, 1991). However, because the transfer was accomplished in U.S. dollars, the transaction was made through U.S. correspondent banks in New York. *Id.* ¶ 6. Banque Indosuez's correspondent, Banker's Trust in New York, transferred $263,500 to the bank it believed to be BCP's correspondent bank, the ill-fated First American Bank of New York. *Id.* ¶¶ 6–7. On July 17, 1991, BCP advised Banque Indosuez that its correspondent bank was not First American, but American Express Bank, Ltd., in New York. *Id.* ¶ 8 (citing Exhibit K).

Pursuant to Banque Indosuez's instructions, Banker's Trust contacted First American and demanded the return of the $263,-500, which it asserted had been transferred to First American in error. It was too late.

1. BCP's L–Claim was dismissed for failure to produce discovery. *See* Order of November 7, 1996.

On July 29, 1991, First American advised Banker's Trust that "our bank regulators forbid processing of any [BCC] transactions. Funds that are received in favor of a BCC Bk are held in suspense until further clarification." *Id.* at Ex. .O (telex from Banker's Trust to Banque Indosuez relaying telex from First American). Despite the petitioner's claim that BCP had closed its account with First American on June 4, 1991, prior to the effective date of the blocking order, and despite Banque Indosuez's arguments that BCP was not a subsidiary of the BCCI group, the $263,500 was never released. Ultimately, the funds were included in the Third Order of Forfeiture.

### Discussion

Title 18, United States Code, Section 1963 sets forth an orderly procedure by which third parties seeking to recover interests in forfeited property may obtain judicial resolution of their claims. The provision granting standing to parties seeking to amend an order of forfeiture to exclude certain property states:

> Any person other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

18 U.S.C. § 1963(*l*)(2).

■ Section 1963(*l*)(6) sets forth the substantive elements that a third party must establish to obtain amendment of an order of forfeiture. This section provides:

> If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that—
>
> (a) the petitioner has a legal right, title, or interest in the property, and

such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

> (B) the petitioner is a bona fide purchaser for value of the right, tide, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

the court shall amend the order of forfeiture in accordance with its determination.[2]

Only by establishing standing and satisfying the requisite elements of either Subsection 1963(*l*)(6)(A) or Subsection 1963(*l*)(6)(B) may a party obtain judicial relief from an order of forfeiture. *See United States v. BCCI Holdings (Luxembourg), S.A.,* 46 F.3d 1185, 1188 (D.C.Cir.), *cert. denied sub nom. Chawla v. United States,* —— U.S. ——, 115 S.Ct. 2613 [132 L.Ed.2d 856] (1995); *United States v. Schwimmer,* 968 F.2d 1570, 1584 (2d Cir.1992); *United States v. Lavin,* 942 F.2d 177, 187 (3d Cir.1991).

■ If a third party fails to allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing. *See United States v. Campos,* 859 F.2d 1233, 1240 (6th Cir.1988); *United States v. Mageean,* 649 F.Supp. 820, 825 (D.Nev.1986), *affd. without opinion,* 822 F.2d 62 (9th Cir.1987); S.Rep. No. 225, 98th Cong., 1st Sess. 191, 208 n. 46 (Sept. 12, 1983), U.S. Code Cong. & Admin. News 1984, 3182.

In its motion to dismiss, the United States argues that Banque Indosuez has failed to establish standing and has failed to state a claim because Banque Indosuez has not demonstrated "that FABNY's acceptance of the

---

**2.** Title 18 U.S.C. § 1963(*l*)(6) contains exactly the same language as 21 U.S.C. § 853(n)(6), the statute providing for forfeiture in criminal narcotics cases, and it appears that no court has interpreted these two provisions differently. Because the two subsections are identical and be-cause of the relative dearth of case law interpreting and applying Section 1963(*l*), the Court's opinion relies on the reasoning contained in Section 853(n) cases as well as that in Section 1963(*l*) cases.

payment order was invalid." Motion to Dismiss at 5. The motion will fail because the petitioner has adequately pled standing and because the United States sets too high a standard for surviving a motion to dismiss.

■ In resolving a motion to dismiss, the Court assumes true, as she must, the facts alleged in the L–Claim. A motion to dismiss under Fed.R.Civ.P. 12(b)(6) may be granted if it appears that the petitioner can prove no facts that would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Kenneda v. United States,* 880 F.2d 1439, 1442 (D.C.Cir.1989). The Court must construe the complaint liberally, granting a petitioner the benefit of any reasonable inferences that can be derived from the facts alleged. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The Court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. *Kowal v. MCI Communications,* 16 F.3d 1271, 1275 (D.C.Cir.1994).

■ The motion to dismiss will be denied on both grounds. Assuming the facts alleged in its L–Claim are true, as the Court must at this stage, Banque Indosuez has pled sufficient facts to establish standing. *See United States v. BCCI Holdings,* 916 F.Supp. at 1285 (Banque Indosuez has "made a *prima facie* demonstration on the merits of an interest superior to the government's"). Moreover, if the finds were never properly accepted by First American Bank under N.Y.U.C.C. Law § 4–A–209 (Consol.1991),[3] as Banque Indosuez contends, the funds would not have been subject to forfeiture as assets of the defendants. While the United States argues that one of the exceptions to § 4–A–209 may control and that the parties may have otherwise agreed to alter the general rules regarding acceptance of finds transfers,[4] these arguments are losers in the context of a motion to dismiss. Assuming the facts alleged to be true, Banque Indosuez has established standing, and it has stated a cognizable claim. The motion will be denied.

■ Banque Indosuez's motion for summary judgment will also be denied. Summary judgment is appropriate when there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are any genuine issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id.* at 255, 106 S.Ct. at 2513. A non-movant may also overcome a summary judgment motion by demonstrating that it requires discovery to identify genuine issues of material fact. *See Londrigan v. FBI,* 670 F.2d 1164, 1175 (D.C.Cir.1981). "The purpose of [Fed.R.Civ.P. 56](f) is to provide an additional safeguard against an improvident or premature grant of summary judgment and the rule generally has been applied to

---

**3.** Banque Indosuez relies upon the portion of this provision which provides that "[a]cceptance [of a payment order] does not occur . . . if the beneficiary of the payment order does not have an account with the receiving bank. . . ."

**4.** The United States contends that § 4–A–209(2)(a) limits the reach of § 4–A–209(3). However, the Court reads the statute to create an altogether different relationship between these provisions. Section 4–A–209(2) states that "[s]ubject to subsections (3) and (4), a beneficiary's bank accepts a payment order at the earliest of the following times." This means that §§ 209(2)(a) is *subject to* §§ 209(3), (4), not the converse giving § 209(2) priority. Stated differently, subsections (3) and (4) control. *See § 4–*

A–209(3) ("Acceptance does not occur under paragraph (b) or (c) of subsection (2) if the beneficiary of the payment order does not have an account with the receiving bank. . . ."). *See generally* Hawkland & Moreno, *UCC Series* §§ 4A–209:02, at 183; 4A–209:03, at 185 (Art. 4A) (1993). Nevertheless, as argued by the United States, parties to a funds transfer may vary their rights and obligations pursuant to N.Y.U.C.C. Law § 4–A–501. Although not relevant to resolving the instant motion to dismiss, genuine issues exist as to whether BCP and First American did so here and simply as to whether BCP had an open account with First American. *See infra.*

achieve that objective." 10A Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2740, at 532 (1983).

■ The United States has, by affidavit, stated that "[b]ecause no discovery has been ordered, and no discovery has been exchanged except the pleadings and their attached exhibits, the United States cannot present by affidavit facts essential to justify its opposition to this motion." Response to Motion for Summary Judgment at 2 (Rule 56(f) Affidavit). While this alone is sufficient to overcome the pending motion for summary judgment under the circumstances of this case, the United States has also demonstrated a substantial likelihood that genuine issues of material fact will probably preclude a grant of summary judgment in favor of the petitioner. Although it may be appropriate to reassess the evidence after the completion of discovery, it appears at this stage that genuine issues exist as to how First American actually treated the transfers and whether the relationship between BCP and First American was such that an exception to the general rule of § 4–A–209 is applicable. Contending that the alleged nonacceptance cannot be established on the present record, the United States quotes BCP's L–Claim: "Despite the fact that the Account had been closed, FABNY accepted ... sixteen (16) transfers of funds addressed to BCP from various financial institutions during the period from July 5, 1991 through September 30, 1991." *Id.* at 10 (quoting BCP's Petition, at 2–3). This creates at least a *prima facie* triable issue. Whether BCP's account was a special account and/or whether BCP was an alter ego of the defendants, as has been alleged by the United States, is relevant to this petition and might also create genuine issues of material fact that preclude summary judgment.

■ The arguments by Banque Indosuez to the contrary are unpersuasive. While Banque Indosuez contends that the United States should be denied discovery because it has failed to act diligently, the Court disagrees. The United States promptly filed motions to dismiss the instant L–Claim, and, absent a discovery order, it is not an unreasonable litigation decision or an inappropriate public policy choice to await the outcome of such motions prior to requesting discovery. Discovery is expensive and in light of the fact that the public fisc would likely foot the bill for these discovery expenses, the United States' decision was both responsible and reasonable.

■ Additionally, and contrary to the petitioner's view, the date of the transfer is not dispositive of the instant petition. On January 24, 1992, the defendants forfeited their entire extant enterprise to the United States. *See United States v. BCCI Holdings,* 916 F.Supp. at 1278 (describing Order of Forfeiture). The forfeiture is not limited to the proceeds of BCCI's racketeering activity, but includes all of the corporate defendants' property in the United States. If the corporate defendants obtained title to the assets at issue *prior to the date of the forfeiture,* such assets were properly included within the scope of the forfeiture order.[5] The petitioner may ultimately demonstrate that under § 1963(*l*) the forfeiture order should be amended to exclude these assets, but they have not yet made the necessary showing. Whether the defendants obtained title to the $263,250 prior to the Order of Forfeiture is, of course, the principal issue presently in dispute.

The motion for summary judgment will denied without prejudice.

### Conclusion

For the reasons stated above, it is hereby

**ORDERED** that the government's Motion to Dismiss is denied; it is

---

5. Banque Indosuez's reliance upon the relation-back provision of § 1963(c) to limit the Order of Forfeiture is misplaced. This provision establishes when the government's interest vests in the property; it does not impose any limitations on when a defendant may acquire title to property that ultimately is subject to forfeiture. The more relevant provisions of RICO state that the corporate defendants shall forfeit to the United States any interests in their criminal enterprise, *see* 18 U.S.C. § 1963(a), and *"[u]pon conviction* of a person under this section, the court shall enter a *Judgment of forfeiture of the property* to the United States...." *Id.* § 1963(e) (emphasis added).

**FURTHER ORDERED** that Banque Indosuez's motion for summary judgment is denied without prejudice; and it is

**FURTHER ORDERED** that the United States shall file its answer pursuant to the Federal Rules and the parties shall meet, confer and file a joint statement in accordance with Local Rule 206. Upon receipt of the joint statement, the Court will issue a discovery/motions scheduling order and address any matters deemed appropriate regarding the future progress of this petition.

IT IS SO ORDERED.